

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 02-13-00226-CR**
**NO. 02-13-00227-CR**
**NO. 02-13-00228-CR**
**NO. 02-13-00229-CR**
**NO. 02-13-00230-CR**
**NO. 02-13-00231-CR**
**NO. 02-13-00232-CR**
**NO. 02-13-00233-CR**
**NO. 02-13-00234-CR**

KARRINGTON MCKINLEY                                          APPELLANT
BRAZIEL

V.

THE STATE OF TEXAS                                               STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1263396D, 1263688D, 1264759D, 1264760D, 1323799R,
1323801R, 1323802R, 1323804R, 1323806R

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

Appellant Karrington McKinley Braziel made open pleas of guilty to aggravated robbery with a deadly weapon and pleaded true to the repeat offender allegation in nine cases. A jury found him guilty and assessed his punishment at confinement for life in all of the cases, and his sentences were set to run concurrently.

Braziel's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Braziel had the opportunity to file a pro se brief and has done so; the State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Braziel's pro se brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also*

2

*Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 7, 2014